Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P/ Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50347 | **DATE** | 9/19/2002 |
| **CASE TITLE** | Graham vs. Rockford Fabricators | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] It is the Magistrate's Report and Recommendation that Plaintiff's Motion to Remand be granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | SEP 20 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | 9/19/2002 |
| | | 2002 SEP 19 PM 4:16 | date mailed notice |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEFFREY GRAHAM. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROCKFORD FABRICATORS, INC. ) <br> An Illinois Corporation, ) <br> ) <br> Defendant. ) | Case No. 01 C 50347 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## REPORT AND RECOMMENDATION

Jeffery Graham ("Plaintiff") filed a motion for voluntary dismissal and remand. The Magistrate Judge, upon consent from both parties, granted Plaintiff's motion to dismiss the ADA claim, leaving only state law claims. Before granting the motion to remand, the Magistrate Judge gave both parties time to submit briefs on whether this court should retain jurisdiction or remand the case back to state court. After evaluating the arguments on both sides, the Magistrate Judge recommends that the district court grant Plaintiff's Motion to Remand.

### Background

Plaintiff re-filed his complaint (originally filed in 1997) on July 21, 2001 in state court. Plaintiff's complaint contained four counts: an Americans with Disabilities Act ("ADA") claim, a retaliatory discharge claim, a retaliation claim, and a breach of contract claim. On August 28, 2001, Rockford Fabricators ("Defendant") filed a notice of removal from the state court pursuant to 28 U.S.C. §1441(b), with jurisdiction under 28 U.S.C. §1331. On October 24, 2001, Plaintiff filed a motion to remand to state court contending the notice of removal was not filed within

1

thirty days of service of the initial pleading in the state action or proceeding. The district court denied that motion on February 2, 2002. On June 7, 2002, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. Plaintiff's motion for voluntary dismissal and remand came two months later.

## Discussion

The Magistrate Judge recognizes that federal jurisdiction is determined at the time of removal, but the Seventh Circuit has held that if all federal claims drop out, a court may hear the state claim or remand it back to state court. *See Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998)("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claim.") The district court follows the general rule that "when the federal claims are dismissed prior to trial, the district court should decline to exercise supplemental jurisdiction over the supplemental state law claims." *Bajorat v. Columbia-Breckenridge Development Corp.*, 944 Supp. 1371, 1383 (N.D. Ill. 1996)(Reinhard, J.)(citing *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546-47 (7th Cir. 1996); *see also Daimler Chrysler Corp., v. BFI Waste Systems of North America Inc.*, No. 01 C 50280, 2002 WL 1033100, at #3 (7th Cir. May 21, 2002)("When the court disposes of all the federal claims before trial, relinquishing jurisdiction over pendant state law claims is the norm not the exception.") In order to retain jurisdiction a district court must "have good reason ... and must make specific findings as to the balance of judicial economy, convenience, fairness and comity ... ." *Id.* (citing *Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1257 (7th Cir 1994).

Plaintiff argues the Magistrate Judge should recommend remand because the factors to justify retention are not present in this case. Specifically, Plaintiff argues there was "very little judicial investment in this case. The parties agreed to incorporate the discovery taken in the prior state court action as the discovery in the federal action." (Pl.'s Br. in Supp. of Remand at 1). Additionally, Plaintiff argues that Defendant filed a similar Motion for Summary Judgment in the state court which was denied and Plaintiff's Breach of Contract claim was dismissed by the state court and is currently on appeal before the Illinois Appellate Court. *Id.* at 2. Plaintiff points out to the Magistrate Judge that because the summary judgment motion in state court is so similar to the summary judgment motion pending before the district court, retention of jurisdiction in the case would be a substantial risk of inconsistent rulings on the same motion. *Id.* However, the Magistrate Judge cannot verify the validity of Plaintiff's assertion. It seems the "law of the case" doctrine or even collateral estoppel may have an impact.

Defendant, on the other hand, argues that this Court has already "expended resources acquainting itself with this matter, and a remand would result in duplication and delay when a dispositive pending motion should result in a prompt resolution of all remaining claims on the merits." (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Voluntary Dismissal and Remand of State Law Claims at 1). Defendant, like Plaintiff, acknowledges that with the dismissal of the ADA claim and the dismissal of the breach of contract claim at the state court level, all that remains is a retaliation claim based on state law. *Id.* at 2. Defendant's most compelling argument is that remand will result in unfairness as Plaintiff has "ran the full gamut" of this case starting first in 1997 with the filing of the claim, ending in 2000 with voluntary dismissal of the case, and starting once again in 2002 with the re-filing of the complaint.

3

The Magistrate Judge acknowledges Defendant's concerns, but the state court is the best place for the remaining state claims to be litigated. Therefore, the Magistrate Judge recommends that Plaintiff's Motion to Remand be granted.

### Conclusion

For the foregoing reasons, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Remand be granted. Parties are given ten days from service of this order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

**ENTER:**

**DATE:** 9/19/02

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT