Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50347 | **DATE** | 11/5/2002 |
| **CASE TITLE** | Graham vs. Rockford Fabricators | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the Magistrate Judge's Report and Recommendation to grant plaintiff's motion to remand is accepted. The clerk of the court is directed to remand this case back to the Illinois Circuit Court for the 17th Judicial Circuit, County of Winnebago. All other pending motions in this case are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV - 5 2002 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | 41 |
| X | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | 11-5-02 | |
| /LC | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On September 19, 2002, Magistrate Judge Mahoney entered a report and recommendation ("R & R") under Federal Rule of Civil Procedure 72, recommending that plaintiff's motion to remand be granted and that this case be remanded back to the state court from which it was removed. Defendant has filed timely objections to the R & R, and plaintiff has not filed any response thereto.

Defendant removed this case from state court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, over Count I of plaintiff's complaint, a claim brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and supplemental jurisdiction, 28 U.S.C. § 1367, over the remaining counts. On August 28, 2002, however, plaintiff moved to voluntarily dismiss the ADA count with prejudice, which the Magistrate Judge, by consent of the parties, granted on August 30, 2002. That leaves the court with only supplemental jurisdiction over the remaining state law claims.

Although federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, a district court normally will relinquish supplemental jurisdiction over state law claims if all of the federal claims drop out before trial, even where this is a consequence of the plaintiff's own voluntary dismissal. See Sullivan v. Conway, 157 F.3d 1092, 1095 (7th Cir. 1998); 28 U.S.C. § 1367(c)(3). Relinquishing pendent jurisdiction once federal claims are dismissed is the norm, not the exception. Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, 122 S. Ct. 62 (2001). This court does not find this to be an exceptional case.

Defendant's primary objection to a remand is what it considers plaintiff's abuse of the judicial process. The law suit defendant removed to this court was actually the refiling of an action plaintiff had filed in state court in 1997, both of which asserted the same exact claims. Defendant filed a motion for summary judgment and dismissal with the state court in the original action. According to defendant's representations, the state court dismissed plaintiff's breach of contract claim (which is now pending before the Illinois Appellate Court) but denied it as to the ADA claim and the retaliatory discharge claims. Then, on the day of trial, the state court allowed plaintiff to voluntarily dismiss the entire case without prejudice. Almost a year later, plaintiff refiled the entire action in state court, which defendant removed to this court. Defendant also accuses plaintiff of certain discovery abuses in both this and the state court, such as asking for extensions to conduct further discovery, only to end up filing a motion for voluntary dismissal and remand. While the court certainly does not condone plaintiff's conduct, it finds, however, that none of it justifies retaining supplemental jurisdiction now that plaintiff's only federal claim has been dismissed with prejudice. In fact, some of this procedural history actually cuts in favor of a remand.

The court first notes that defendant could have just as easily removed this case to this court when plaintiff originally filed it in state court in 1997 as he apparently alleged the same ADA claim he alleged in the refiled action. Defendant was of course not required to do so, as this court ruled earlier on plaintiff's first motion to remand, but it is curious that defendant is so insistent now on remaining in federal court when it was apparently willing to litigate in state court before. Second, as the Magistrate Judge pointed out, there is at least a risk of inconsistent judgments if this court were to rule in defendant's favor on plaintiff's retaliatory discharge claims because the state court denied defendant's motion for summary judgment on those same claims. Third, it is clear the state court is much more familiar with the facts of this case than this court, having already ruled on a motion for summary judgment.

That said, the court shares defendant's concern about what appears to be a purposeful manipulation of the court system by plaintiff and his counsel. Although defendant did not make such a request, plaintiff's counsel should know that this court on its own considered the possibility of requiring him to pay defendant's attorney's fees and costs incurred as a result of the removal. See 28 U.S.C. § 1447(c).

For the reasons stated above, the court accepts the Magistrate Judge's R & R to grant plaintiff's motion to remand. This case will be remanded to the state court from which it was removed.